Zimmerman, J.,
concurring. The facts in the instant case are different from those appearing in either Charlton v. Miller, Admr., 27 Ohio St., 298, 22 Am. Rep., 307, or Codner v. Caldwell, 156 Ohio St., 197, 101 N. E. (2d), 901, and in my opinion the decisions in those cases are not controlling here.
Under statutes like our Section 10504-47, General Code (Section 2107.33, Revised Code), a number of courts have held that, where either a husband or wife executes a will in favor of the other during their marriage and later there is a divorce preceded by or coupled with a property settlement between them, these *414 facts constitute such a change in circumstances as to work an implied revocation of the devise or bequest to the divorced spouse as a matter of law.
In Thompson on Wills (3 Ed.), 277, Section 176, such result is termed “in accord with reason and justice.”
Since the Ohio statute involved first describes specific ways in which a will may be revoked and then recognizes in general terms that there may also be a revocation implied by law from subsequent changes in the circumstances of the testator, it would certainly seem that a divorce and property settlement is such a drastic change in circumstances as to invoke the doctrine of implied revocation, particularly where the will was executed during coverture.
If, following a divorce' and property settlement, either of the former spouses still entertains an affectionate regard for the other and wishes to leave property to such other by will, this can ordinarily be accomplished by the relatively simple process of republication or the making of a new will.